# Morgan Lewis

**Brendan T. Killeen**
+1.212.309.6712
brendan.killeen@morganlewis.com

November 21, 2017

**VIA ECF**

Honorable Joan M. Azrack
United States District Court for the Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re: Reyes v. Sears Holdings Corporation et al.;
Civil Action No. 2:17-cv-04719-JMA-AKT

Dear Judge Azrack:

We represent Defendants Sears Holdings Corporation and Sears, Roebuck and Co. (incorrectly identified in the Complaint as Sears, Roebuck & Company) (together, "Sears") in the above-referenced matter. Pursuant to Your Honor's Individual's Rules, we write to request a pre-motion conference to make a motion to dismiss Plaintiff's Complaint, as it relates to Sears, pursuant to Federal Rule of Civil Procedure 12(b)(6). The bases for the Motion are set forth below.

Despite naming Sears as a defendant in this case, Sears is conspicuously absent from any factual allegations in Plaintiff's Complaint that could give rise to a claim for relief. Plaintiff claims that both Sears and Defendant XPO Logistics, Inc., which Plaintiff contends is a successor-in-interest to 3PD, Inc. ("XPO"),[1] violated three separate provisions of the New York Labor Law ("NYLL"). Specifically, Plaintiff claims that Sears and XPO took illegal deductions (Count I, the "wage deductions claim") and "kick-backs" (Count II, the "kick-backs claim") from his wages and failed to provide him with accurate wage statements (Count III, the "wage statement" claim). Plaintiff further alleges unjust enrichment (Count IV) against all Defendants. But Plaintiff's allegations against

---

[1] On November 20, 2017, XPO and Plaintiff filed a Joint Stipulation for the Court's consideration that would substitute XPO Last Mile, Inc. as a Defendant in place of XPO and dismiss XPO from this action. Dkt. 22.

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY 10178-0060   T +1.212.309.6000
United States   F +1.212.309.6001

The Honorable Joan M. Azrack
November 21, 2017
Page 2

Sears consist entirely of these conclusory assertions and are wholly insufficient to survive dismissal.

*First*, to state a claim under Article 6 of the NYLL (which is the basis for Plaintiff's NYLL claims), a plaintiff must make a threshold allegation that he or she is owed wages by the defendant pursuant to a contract or agreement. *See, e.g.*, *Tierney v. Capricorn Inv'rs, L.P.*, 189 A.D.2d 629, 632 (1st Dep't 1993) ("[A] plaintiff cannot assert a statutory claim for wages under the Labor Law [*i.e.*, an Article 6 claim] if he has no enforceable contractual right to those wages."); *O'Grady v. BlueCrest Capital Mgmt. LLP*, 46 F. App'x 2, 4 (2d Cir. 2016) (affirming the dismissal of a NYLL claim for alleged unlawful deductions because "[t]he failure of [plaintiff's] contract claim also necessarily defeats his wage claim").  Plaintiff does not – and cannot – make such an assertion against Sears.  Indeed, the only contract or agreement that the Complaint references at all is one between Plaintiff and XPO.  Thus, Plaintiff's NYLL claims (*i.e.*, the wage deductions, kick-backs, and wage statement claims) fail as a matter of law on this basis alone.

*Second*, Plaintiff's wage deductions and kick-backs claims alternatively fail (as they relate to Sears) because, in support of those claims, Plaintiff proffers a grand total of three factual allegations – not one of which mentions Sears:

> 35.  *XPO* deducts certain expenses directly from the compensation it pays, including when *XPO* determines, in its sole discretion, that a delivery has been made in a manner it deems to be unsatisfactory (e.g., damaged goods, damage to customer property).  *XPO* will deduct the costs of such damage from paychecks.
>
> 36.  *XPO* would also deduct other expenses from the compensation it pays such as the cost of truck rental and fuel.
>
> 37.  There were also times when *XPO* would deduct the costs of workers' compensation insurance and general liability insurance from the compensation it paid to Plaintiff and the other class members.

Compl. ¶¶ 35-37 (emphases added).  As is plainly evident from the face of Plaintiff's Complaint, there is no factual allegation in the Complaint that suggests that Plaintiff has a claim to relief against *Sears* for his wage deductions and kick-backs claims.  Accordingly, Plaintiff's wage deductions and kick-backs claims against Sears should be dismissed.

*Third*, Plaintiff's unjust enrichment claim should be dismissed, as it relates to Sears, for two reasons, each of which is an independent basis for dismissal.  As an initial matter, this claim is wholly derivative of Plaintiff's wage deductions and kick-backs claims and, therefore, fails for the same reasons fatal to those claims as set forth above (namely, the lack of factual allegations to tie these claims to Sears).  *Kramer v. Pollock-Krasner*

The Honorable Joan M. Azrack
November 21, 2017
Page 3

*Found.*, 890 F. Supp. 250, 257 (S.D.N.Y. 1995) ("[B]ecause [the plaintiff's] unjust enrichment claim hinges on practices claimed by plaintiff to be illegal, and because the allegations of illegality in the complaint fail, the unjust enrichment claim must be dismissed."); *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666 (E.D.N.Y. 2017) ("[E]ven pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action."). Even if pled as an alternative theory of recovery, an "alternative" unjust enrichment claim must be dismissed if it is based on the same underlying factual allegations as the plaintiff's other claims. *See Gordon v. Hain Celestial Grp., Inc.*, No. 16-CV-6526 (KBF), 2017 WL 213815, at *7 (S.D.N.Y. Jan. 18, 2017) ("Although Rule 9(d) permits a plaintiff to plead alternative—and even inconsistent—theories of liability, an unjust enrichment claim must be dismissed when it entirely 'duplicates' other tort or contact claims.").

Alternatively, quasi-contract claims – such as those for unjust enrichment – may only proceed in the absence of an express agreement. *See, e.g.*, *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 964 (2d Cir. 1998) (holding that plaintiff was precluded from pursuing unjust enrichment claim where agreement existed covering conduct in question); *Anthem, Inc. v. Express Scripts, Inc.*, No. 16 CIV. 2048 (ER), 2017 WL 1134765, at *5 (S.D.N.Y. Mar. 23, 2017) ("[A] claim for unjust enrichment may only survive as an alternative theory of liability when the existence of the contract is in dispute." (citation omitted)). Here, because Plaintiff alleges that his claims arise out of an express contract with XPO, his unjust enrichment claim is barred. For both (or either) of these independent reasons, Plaintiff's unjust enrichment claim against Sears should be dismissed.

Accordingly, Sears requests a pre-motion conference so that it can move to dismiss Plaintiff's Complaint, as it relates to Sears, on the grounds set forth above.

Respectfully submitted,

*/s/ Brendan T. Killeen*

Brendan T. Killeen

c:  All counsel of record (via ECF)