**jackson|lewis**

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
58 South Service Road
Suite 250
Melville, NY 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY NY | GREENVILLE SC | MINNEAPOLIS, MN | PROVIDENCE RI |
| ALBUQUERQUE NM | HARTFORD CT | MONMOUTH COUNTY NJ | RALEIGH NC |
| ATLANTA GA | HONOLULU HI* | MORRISTOWN NJ | RAPID CITY SD |
| AUSTIN TX | HOUSTON TX | NEW ORLEANS LA | RICHMOND VA |
| BALTIMORE MD | INDIANAPOLIS IN | NEW YORK NY | SACRAMENTO CA |
| BIRMINGHAM AL | JACKSONVILLE FL | NORFOLK VA | SALT LAKE CITY UT |
| BOSTON MA | KANSAS CITY REGION | OMAHA NE | SAN DIEGO CA |
| CHICAGO IL | LAS VEGAS NV | ORANGE COUNTY CA | SAN FRANCISCO CA |
| CINCINNATI OH | LONG ISLAND NY | ORLANDO FL | SAN JUAN PR |
| CLEVELAND OH | LOS ANGELES CA | PHILADELPHIA PA | SEATTLE WA |
| DALLAS TX | MADISON, WI | PHOENIX AZ | ST. LOUIS MO |
| DAYTON OH | MEMPHIS TN | PITTSBURGH PA | TAMPA FL |
| DENVER CO | MIAMI FL | PORTLAND OR | WASHINGTON DC REGION |
| DETROIT MI | MILWAUKEE WI | PORTSMOUTH NH | WHITE PLAINS NY |
| GRAND RAPIDS MI | | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

From the desk of:

NOEL P. TRIPP
  MY DIRECT DIAL IS: (631) 247-4661
  MY EMAIL ADDRESS IS: TRIPPN@JACKSONLEWIS.COM

November 21, 2017

**BY ELECTRONIC FILING**

Hon. Joan M. Azrack
U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    *Reyes v. Sears Holdings Corp., et al.*, No. 17-cv-04719-JMA-AKT

Dear Judge Azrack:

We represent XPO Last Mile, Inc. ("XPO LM") in the above-captioned case. Pursuant to Rule 4 of Your Honor's Individual Rules, we write to request a pre-motion conference regarding XPO LM's partial motion to dismiss and strike pursuant to FRCP 12(b)(6) and 12(f).

### Background

Plaintiff Victor Reyes is a businessman whose company—Reyes Trucking—contracted with XPO LM's predecessor company, 3PD, Inc., to provide delivery services to XPO LM's customers. Pursuant to that non-exclusive agreement, XPO LM engaged Reyes Trucking as an independent contractor and Reyes Trucking retained complete and exclusive direction and control of its own delivery operations, including its employees. Reyes apparently provided delivery services for Reyes Trucking personally, from 2008 to 2011, and claims that he was actually employed by XPO LM during that time. He thus alleges that XPO LM misclassified him as an independent contractor in violation of the New York State Commercial Goods Transportation Fair Play Act, N.Y. Lab. Law § 862-b (the "Fair Play Act"), and N.Y. Lab. Law § 190(2). *See generally* ECF No. 1, Compl., dated Aug. 11, 2017.

### The Plaintiff Cannot State A Claim Under The Fair Play Act Or For Unjust Enrichment

Nothing in the Fair Play Act authorizes a private right of action based on the purported misclassification of an independent contractor. New York instead enacted the Fair Play Act to provide the state's labor commissioner, the chair of the workers' compensation board, and the taxation and finance commissioner with the power to pursue civil and criminal penalties on commercial goods transportation contractors that misclassify their employees. N.Y. Lab. Law § 862-b, d. The legislature granted the labor commissioner, not a court, the authority to make such

a determination. *Id.*, § 862-d ("The civil penalties set forth in this section shall be imposed . . . by the [labor] commissioner where such penalty is based on a violation of this chapter"); *see also* § 862-d(c).

The legislature expressly provided for a private right of action in the retaliation section of the Fair Play Act while omitting any such provision in the misclassification section. *Compare* N.Y. Lab. Law § 862-e, *with id.*, § 862-b, d. And when a legislature includes language in one section while leaving it out of another, the lawmakers' decision is presumptively intentional. *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 577 (1995); *Thoreson v. Penthouse Int'l*, 80 N.Y.2d 490, 498-99 (1992); *see also Goldman v. Simon Prop. Grp., Inc.*, 58 A.D.3d 208, 217 (2d Dep't. 2008). Quite simply, if the legislature intended to create a private right of action for misclassification claims, it knew how to do so. But it did not.

To be sure, this Court may imply a private right of action when a statute does not provide for civil damages because the legislature omitted such a provision, but "a private right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the Legislature," *Sheehy v. Big Flats Cmty. Day*, 73 N.Y.2d 629, 633 (1989), and that is precisely the case here. The Fair Play Act provides that governmental agencies, not private citizens, shall seek penalties for misclassification claims, and both governmental agencies and private citizens may seek redress for retaliation claims. N.Y. Lab. Law § 862-d, e. Even though the Fair Play Act provides a narrower remedy than the plaintiff might wish, this Court should not fashion a different remedy that expands the scope of the Fair Play Act beyond what the legislature intended. *See Sheehy*, 73 N.Y.2d at 636. This is particularly true here because the plaintiff is free to bring his individual misclassification claims under other substantive provisions of the Labor Law.

Even if the Fair Play Act creates a private right of action, which it does not, Reyes cannot pursue his claims under it because all of his purported injuries pre-date its enactment. *Compare* Compl., ¶ 6 (alleging that the plaintiff worked for defendants from "approximately 2008 until 2011") *with* Fair Play Act (effective April 10, 2014). The plaintiff's counsel has previously conceded that the Fair Play Act does not apply to claims that pre-date its enactment. *See* ECF No. 11, Plaintiffs' Memorandum of Law, dated Feb. 16, 2016, *Padovano v. FedEx Ground Package Sys., Inc.*, No. 16-cv-00017 (W.D.N.Y.), at 6 ("As of April 10, 2014, the employment status of drivers in the commercial goods transportation industry has been governed by the 'Fair Play Act,' N.Y. LAB. LAW § 862-b . . . .").

Reyes also cannot assert a claim for unjust enrichment because he alleges that he entered into a contract with XPO LM. Comp., ¶ 18 ("XPO [LM] . . . contracts with individuals such as Plaintiff"). "The theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates in the absence of any agreement." *Goldman v. Met. Life Ins. Co.*, 841 N.E.2d 742, 746 (N.Y. 2005).

### **The Plaintiff's Class Allegations Ought To Be Stricken**

There is nothing in Rule 23 (or elsewhere) that prevents a defendant from moving preemptively to strike class allegations where, as here, it is clear from the face of the complaint that no class could be properly certified. *See, e.g.*, *Pilgrim v. Universal Health Card, LLC*, 660 F. 3d 943, 949 (6th Cir. 2011); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939-41 (9th Cir. 2009); *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007). Rather than permit a plaintiff to embark on a wide-ranging and costly fishing expedition that will

necessarily prove unsuccessful, *cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007), and consistent with courts conducting a rigorous analysis to evaluate the propriety of class treatment under Rule 23, *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013), it is appropriate to strike allegations under Rule 12(f) when no amount of discovery will permit class-wide adjudication.

Courts routinely hold that purported "driver" misclassification claims under N.Y. Lab. Law § 190(2) are unsuitable for class treatment. *See, e.g.*, *Hernandez v. Fresh Diet, Inc.*, No. 12-cv-4339, 2014 U.S. Dist. LEXIS 139069, at *23 (S.D.N.Y. Sept. 29, 2014); *Saleem v. Corporate Transp. Grp., Ltd.*, No. 12-cv-8450, 2013 U.S. Dist. LEXIS 163934, at *22 (S.D.N.Y. Nov. 15, 2013); *Edwards v. Publrs. Circulation Fulfillment*, 268 F.R.D. 181, 184 (S.D.N.Y. 2010). Misclassification claims under Section 190(2) involve an Everest of individualized issues because "'the critical determinant' of employment status under New York law is not the *right* of a purported employer to control a purported employee, but 'the degree to which the purported employer *exercises* control *in fact* over the results produced or the means used to obtain them.'" *Saleem*, 2013 U.S. Dist. LEXIS 163934, at *22 (citations omitted and emphasis in original). The only way to "answer[] that question as to each driver will require a fact-specific and driver-specific explanation of the degree of control that [the company] exercised in fact." *Id.* at *27.

Reyes does not (and cannot) allege facts that avoid the impending rigorous, driver-specific analysis that this Court must conduct to answer the fundamental question in this case—whether or not the "hundreds" of "drivers" are independent contractors—Compl., ¶ 19, and no amount of discovery will make that inquiry any less individualized. The plaintiff's complaint concedes as much: he alleges that putative class members were "required" to meet certain standards, but only once does he claim that, *in fact*, the putative class members were influenced by those purported requirements when someone (the plaintiff doesn't say who) "instructed" the putative class members to load products onto their trucks in a specific order. Compl., ¶ 21(a)-(j). The plaintiff otherwise ignores the touchstone of the independent contractor analysis—"the degree to which the purported employer *exercises control in fact*," *Edwards*, 268 F.R.D. at 184 (emphasis added)—and instead focuses on what is effectively XPO LM's purported right to control the "drivers" based on "requirements." Compl., ¶ 21(a)-(j). But such requirements do not matter, and the plaintiff's attempt to focus this case on requirements that may be more readily susceptible to class-wide proof is merely an "effort to avoid consideration of what actually occurred with each putative class member." *Id.* The reason: consideration of what, in fact, occurred precludes the certification of any class.

For these reasons, XPO LM respectfully requests a pre-motion conference in anticipation of XPO LM's partial motion to dismiss and strike pursuant to FRCP 12(b)(6) and 12(f).

Respectfully submitted,

JACKSON LEWIS P.C.

/s/

Noel P. Tripp